```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
                                    :
J & J SPORTS PRODUCTIONS, INC.
                                    :
     v.                             :   Civil Action No. DKC 15-1325
                                    :
INTIPUQUENO, LLC
                                    :
```

**MEMORANDUM OPINION AND ORDER**

Presently pending and ready for resolution in this case involving alleged violations of the Communications Act of 1934 is a motion for reconsideration filed by Plaintiff J & J Sports Productions, Inc. ("Plaintiff" or "J & J"). (ECF No. 12). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to reconsider will be denied.

**I.   Background**

A more complete recitation of the factual background can be found in the court's prior memorandum opinion on default judgment. (*See* ECF No. 10). That opinion and an accompanying order granted Plaintiff's motion for default judgment and entered judgment against Defendant Intipuqueno, LLC t/a Intipuqueno Restaurant ("Defendant"), in the amount of $4,200.00. On May 16, 2016, Plaintiff filed a motion to reconsider the damages awarded to Plaintiff. (ECF No. 12).

**II. Standard of Review**

A motion for reconsideration of a final judgment filed within twenty-eight days of the underlying order is governed by Fed.R.Civ.P. 59(e).[1] Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A motion for reconsideration is properly denied when a movant fails to establish one of these three criteria. *See, e.g.*, *Jarvis v. Enter. Fleet Servs. & Leasing Co.*, No. DKC-07-3385, 2010 WL 1929845, at *2 (D.Md. May 11, 2010), *aff'd*, 408 F.App'x 668 (4th Cir. 2011) (denying motion to reconsider because the plaintiff failed to identify valid circumstances that would cause the district court to alter or amend its prior opinion).

---

[1] Plaintiff incorrectly characterizes its motion as a motion for reconsideration of an interlocutory order, subject to the less stringent standards of Rule 54(b). (*See* ECF No. 12-1, at 2). The court's prior order, however, granted Plaintiff's motion for default judgment, entered judgment in favor of Plaintiff in the amount of $4,200.00, and closed the case. (*See* ECF No. 11). Accordingly, Plaintiff's pending motion is properly analyzed under Rule 59(e).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002), *aff'd*, 86 F.App'x 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so.  Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized.").  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting Wright, et al., *supra*, § 2810.1, at 124).

**III. Analysis**

Plaintiff seeks the court's reconsideration of Plaintiff's damages, asking the court to include enhanced damages under 47 U.S.C. § 605(e)(3)(c)(ii).  Plaintiff's motion, however, does not satisfy any of the three grounds for reconsideration under Rule 59(e).  Plaintiff merely repeats arguments previously considered by this court regarding the award of enhanced damages.  Those arguments are not only insufficient to prevail on a motion to reconsider under the stringent standard of Rule

3

59(e), but they have been rejected consistently by recent opinions in this district.

Plaintiff argues that the court should increase the damages awarded to Plaintiff because the current amount of $4,200.00 "neither adequately compensates Plaintiff nor acts as an effective deterrent." (ECF No. 12-1, at 2). At base, Plaintiff's argument fails because it neglects to address any of the three established grounds on which the court may grant a motion to reconsider. Plaintiff points to no intervening case law that would persuade the court to change its opinion, nor does Plaintiff point to newly discovered evidence relevant to the court's prior opinion.[2] The court can only assume then that Plaintiff attempts to challenge the court's prior opinion based on clear error of law or to prevent manifest injustice.

---

[2] The most persuasive intervening case law on this issue supports the court's prior opinion and, in a nearly identical case, admonishes Plaintiff for ignoring the clear precedent of this court by continuing to seek excessive enhanced damages without advancing a non-frivolous argument explaining why a different result would be warranted. *See J & J Sports Prods., Inc. v. Walter Gil t/a Gil's Restaurant*, No. PWG-15-1366, 2016 WL 4089567, at *4 (D.Md. Aug. 2, 2016) (refusing to award enhanced damages, rebuking J & J for inexplicably failing to acknowledge clear court precedent on the award of enhanced damages, and ordering J & J to show cause why it should not be sanctioned for "yet again seeking maximum enhanced damages without discussing contrary controlling precedent from this Court regarding the extent of damages recoverable in this case"). Although Judge Grimm issued his opinion in *Walter Gil* after Plaintiff filed the pending motion to reconsider, the opinion reflects the relevant state of the law in this district.

4

Plaintiff fails to show that an award of enhanced damages, on top of the award of statutory damages, is necessary to prevent manifest injustice or correct a clear error of law. Plaintiff's reiteration of prior arguments reveals a "mere disagreement" with the court's decision and thus is an insufficient basis for such an extraordinary remedy. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Furthermore, Plaintiff's disagreement with the court's decision is brazen given the strong, repeated reproach judges in this district have leveled against the exact argument Plaintiff advances as the basis for reconsideration in this case. *See, e.g.*, *J & J Sports Prods., Inc. v. El Rodeo Rest., LLC*, No. PJM-15-172, 2015 WL 3441995, at *4 (D.Md. May 26, 2015) ("Judges in this District recently found that J & J has been on notice, at least since *Quattrocche*, that in a case of non-egregious willfulness, it was not eligible to recover the maximum damages authorized by statute . . ."); *J & J Sports Prods., Inc. v. Rumors, Inc.*, No. CCB-14-2046, 2014 WL 6675646, at *4 (D.Md. Nov. 21, 2014) ("Undaunted, J & J 'has repeatedly filed motions seeking excessive damages in nearly identical cases, and the court has consistently addressed the limitations on damages for the same causes of action brought here.'" (citation omitted)); *J & J Sports Prods., Inc. v. Sabor Latino Rest., Inc.*, No. PJM-13-3515, 2014 WL 2964477, at *2 (D.Md. June 27, 2014) ("It is

5

troubling that J & J Sports Productions continues to proceed without regard to the many opinions written on this issue.”); *J & J Sports Prods., Inc. v. Quattrocche*, No. WMN-09-3420, 2010 WL 2302353, at *1 (D.Md. June 7, 2010) (“Plaintiff here has been a Plaintiff in many nearly identical cases and is on notice as to the kind of evidence to which the courts look in determining statutory damages. Instead of providing such evidence, it has chosen to argue that the award should be the statutory maximum, including enhancement . . . This amount is extraordinarily excessive.”). Plaintiff’s lack of acknowledgment or recognition of this case law is troubling.[3]

Plaintiff has not met the high bar it faces to succeed on its motion for reconsideration under Rule 59(e). Plaintiff cannot point to a change in controlling law favorable to its position, nor has it offered any new evidence. And as discussed, Plaintiff fails to identify any clear error of law or manifest injustice to warrant the extreme remedy of reconsideration. Accordingly, Plaintiff has not met the grounds for reconsideration under Rule 59(e).

[3] Plaintiff has, at last, noted that it “takes heed of this Court’s concerns” regarding its continued requests for excessive damages. (ECF No. 12-1, at 5). Plaintiff’s worry that requesting less than the statutory maximum would “hamstring” its efforts in future cases is unpersuasive. Plaintiff’s counsel is strongly urged to take seriously the concerns expressed by several judges in this district.

**IV. Conclusion**

For the foregoing reasons, the motion to reconsider filed by Plaintiff will be denied. Thus, it is this 4th day of August, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff J & J Sports Productions, Inc.'s motion to reconsider (ECF No. 12) BE, and the same hereby IS, DENIED; and

2. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for Plaintiff and directly to Defendant.

/s/
DEBORAH K. CHASANOW
United States District Judge